## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| LEONARD HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.   1:17-cv-4656 |
| | ) |
| TRINITY SECURITY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Leonard Howard ("Howard"), by counsel, brings this action against Defendant, Trinity Security, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*

### II.  PARTIES

2.      Howard is a resident of Marion County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. § 1211 and 42 U.S.C. §2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

6.      Howard was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

7.      Howard satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on disability and race. Howard received the Notice of Suit Rights and timely files this action.

8.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9.      Howard, African-American, began working for Defendant on or about May 25, 2014, as a Security Guard.

10.      In or about June 2014, Howard was first assigned to perform security services at Citizens Energy located at 2020 North Meridian Street. Howard's point of contact at Citizens was Craig Romeril, Manager and Robin Nunley was Head of Security at Citizens.  Paul McCain was Howard's supervisor at Trinity.

11.     At all relevant times, Howard met or exceeded Defendant's legitimate performance expectations.

12.     Howard suffers from Type 2 Diabetes Mellitus and was formally diagnosed in 2006.  Howard's impairment results in his blood glucose, or blood sugar, levels being too high. This causes issues with how his body functions, including his kidneys, nerves, feet, and eyes. In addition, Howard needs to eat whenever he feels his body feeling faint.  Moreover, he takes medication for his condition, Metformin, that causes diarrhea.

13.     Trinity was aware of Howard's condition.  Howard informed Defendant early on in his employment because he needed her to schedule him at sites that have a restroom available and where he could obtain food.  In addition, Howard informed his manager, Paul McCain, while working at Citizen's in July 2014 and again in August 2015 when Howard began missing work due to his condition worsening. McCain insisted Howard tell him about his condition because McCain said, he was a medic in the military and would be able to help Howard.

14.     On or about September 4, 2015, Howard became sick while on the job. Specifically, Howard is required to take Metformin for his diabetes.  The medication made him sick on the night in question and he was in the restroom for an extended period.

15.     When Howard attempted to return to work, McCain accused Howard of not making rounds, questioned his disability and sent him home. McCain informed Howard that he was being removed from the Citizens jobsite per Romeril's request;

however, Romeril indicates that he informed McCain that he should handle

Howard's alleged behavior according to Trinity's company guidelines.

16.     On or about September 12, 2015, Howard was removed from the

Citizens jobsite.

17.     On or about September 22, 2015, Howard provided Trinity with

paperwork from his physician reiterating the existence of his disability and its

effects on Howard.  Still, Trinity did not return him to the Citizens jobsite.

18.     On or about September 23, 2015, Howard filed a Charge of

Discrimination against Trinity alleging discrimination based on race and disability,

*inter alia.*

19.     Ultimately, Defendant reassigned Howard to a less desirable

assignment at Hostess.  The new assignment was for significantly less hours per

week and required Howard to stay in his car, which adversely effected his health

condition.

20.     On or about January 18, 2017, Trinity terminated Howard's

employment for allegedly sleeping on the job.

21.     Howard was not sleeping on the job as alleged. Trinity's stated reason

is merely a pretext for discrimination based on Howard's disability and/or in

retaliation for him filing a Charge of Discrimination with the EEOC.

22.     Similarly situated employees were treated more favorably than

Howard.  For example, Officers Brown, Sumner and others, both non-disabled

Caucasian, were observed sleeping on the job; yet, were not disciplined, removed from the job site or terminated from employment.

## V.  CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

24.    Howard hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint.

25.    Defendant discriminated against Howard and terminated his employment on the basis of his disability.

26.    Defendant's intentional and willful actions were taken in reckless disregard for Howard's rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4).

27.    Howard has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RACE DISCRIMINATION

28.    Howard hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29.    Defendant discriminated against Howard and terminated his employment on the basis of his race.

30.    Defendant's intentional and willful actions were taken in reckless disregard for Howard's rights as protected by the Title VII of the Civil Rights Act of 1964.

31.    Howard has suffered damages as a result of Defendant's unlawful

actions.

## COUNT II: RETALIATION

32.     Howard hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint.

33.     Defendant terminated Howard's employment in retaliation for his having filed a Charge of Discrimination.

34.     Defendant's actions were intentional, willful and in reckless disregard of Howard's rights as protected by Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4) and Title VII of the Civil Rights Act of 1964.

35.     Howard suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Leonard Howard, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.     Reinstate Howard to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Howard of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Compensatory damages;

5.     Punitive damages;

6.        All costs and attorney's fees incurred as a result of bringing this action;

7.        Pre- and post-judgment interest on all sums recoverable; and

8.        All other legal and/or equitable relief this Court sees fit to grant.


               Respectfully submitted,

               BIESECKER DUTKANYCH & MACER, LLC

               By:  /s/ Andrew Dutkanych III
               Andrew Dutkanych III, Atty. No. 23551-49
               411 Main Street
               Evansville, Indiana 47708
               Telephone:  (812) 424-1000
               Facsimile:   (812) 424-1005
               Email:        ad@bdlegal.com

               Attorneys for Plaintiff, Leonard Howard


## **DEMAND FOR JURY TRIAL**

Plaintiff, Leonard Howard, by counsel, requests a trial by jury on all issues deemed so triable.


               Respectfully submitted,

               BIESECKER DUTKANYCH & MACER, LLC

               By:  /s/ Andrew Dutkanych III
               Andrew Dutkanych III, Atty. No. 23551-49
               411 Main Street
               Evansville, Indiana 47708
               Telephone:  (812) 424-1000
               Facsimile:   (812) 424-1005
               Email:        ad@bdlegal.com

               Attorneys for Plaintiff, Leonard Howard